**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONNIE O. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0776-CVE-FHM |
| ) | |
| SHELLY WOODS; RANDY WOODS; ) | |
| JAMISON HIRSCH, Dep., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On December 23, 2014, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). By Order filed January 23, 2015 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to pay an initial partial filing fee of $6.20. The court also directed Plaintiff to file an amended complaint to cure deficiencies. Id. at 8. Plaintiff's deadline for compliance was February 23, 2015. Id. at 9. Plaintiff was specifically advised that "[f]ailure to comply with this Order will result in the dismissal of this action without prejudice and without further notice." Id.

On February 5, 2015, Plaintiff filed an amended complaint (Dkt. # 5), naming only Shelly Woods and Randy Woods as defendants.¹ Plaintiff does not name Jamison Hirsch, Dep., a defendant

---

¹In the handwritten pages attached to the amended complaint, Plaintiff makes references to jurisdiction lying in Creek County since that is where the incident occurred (Dkt. # 5 at 11-12), and concludes by stating "[s]o I'm suiting Creek County Sheriff Department for punitive damages for acting in concert of $38 million dollars for punitive damages, all damages due to pain and suffering, emotional distress, @ [sic] damage to reputation." Id. at 13. However, Plaintiff fails to identify "Creek County" or "Creek County Sheriff Department" as a defendant in either the caption or the "parties" section of the amended complaint. Because the Federal Rules of Civil Procedure require all parties to be named in the caption of the complaint, see Fed. R. Civ. P. 10(a), Plaintiff has not properly named either "Creek County" or "Creek County Sheriff Department" as a defendant in this action.

named in the original complaint, as a defendant in his amended complaint, id., and, as a result, the Clerk of Court terminated that defendant. For the reasons discussed below, the amended complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

**A.    Screening/Dismissal standards**

The Court previously advised Plaintiff, see Dkt. # 3, that federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.      Amended complaint fails to state a claim upon which relief may be granted**

As a preliminary matter, the Court notes that, on February 20, 2015, after filing his amended complaint, Plaintiff filed a notice of change of address reflecting his transfer to the custody of the Oklahoma Department of Corrections. (Dkt. # 7). However, to date, Plaintiff has failed to pay the initial partial filing fee, as ordered by the Court. For that reason, this action is subject to being dismissed for failure to comply with an Order of the Court. United States ex rel. Jimenez v. Health

Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

In addition, the amended complaint does not cure the deficiencies identified in the Court's prior Order (Dkt. # 3). In his amended complaint, Plaintiff identifies the "Nature of Case" as follows: "Shelly Woods @ [sic] Randy Woods came on to my property, willfully @ [sic] unlawfully in the middle of the night and turn[ed] off the power to our home from a[n] outside power box that [connected] to a light post." (Dkt. # 5 at 3). He identifies one count, as follows:

> Count I: That I'm seeking punitive damages against Shelly Woods @ [sic] Randy Woods @ [sic] Creek County.
> Supporting facts: It [sic] that Shelly Woods a bail bond @ [sic] Randy Woods a bounty hunter came to my girlfriend['s] home which we shard [sic] a big double wide mobile home nine miles south of Bristow on highway 48. Was motivated by an evil intent to indanger [sic] the lives of my family @ [sic] me, their reckless conduct of turning off the power to our double wide mobile home and violate[d] our federally protection [sic] right of callously indifferent to the federally protected right of other or if the defendant was motivated by their evil intent in putting the lives of my family in immediate danger. Yes, I'm seeking punitive damages of $11.9 million dollars.

(Id. at 3-4). Plaintiff also provides an additional nine (9) handwritten pages in support of his claim. Id. at 2, 4, 7-13. In his request for relief, Plaintiff asks for punitive damages of "$5 million dollars" from both defendants. Id. at 5.

Plaintiff was previously advised that to be liable under § 1983, a defendant must have acted under color of state law (i.e., he must have been a state actor) and that, in general, bounty hunters and bail bondsmen are not state actors for purposes of § 1983. See Dkt. # 3 at 6 (citing United States v. Poe, 556 F.3d 1113, 1123 (10th Cir. 2009) (stating that "the bounty hunters primarily intended to further their own ends – their financial stake in [defendant's] bail – rather than to assist state officials" (internal quotation omitted)); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 558 (9th

4

Cir. 1974) ( en banc ) (holding that, when a bondsman is acting solely on his own behalf in effectuating an arrest without the assistance of law enforcement, he is not considered to be acting under the color of state law)). None of Plaintiff's allegations in the amended complaint supports a claim that defendants Shelly Woods and Randy Woods acted under color of state law.[2] For that reason, the amended complaint fails to state a claim under § 1983 and shall be dismissed without prejudice.

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

---

[2]The Court notes that, in the amended complaint, Plaintiff alleges that Defendants Shelly Woods and Randy woods were "acting under the color of the law @ [sic] when Randy Woods @ [sic] a Creek County Sheriff come to our double wide mobile home nine miles south of Bristow on highway 48." (Dkt. # 5 at 2). However, the Creek County Sheriff is not named as a defendant in the caption of the amended complaint, as required by Fed. R. Civ. P. 10(a). Furthermore, the Creek County Sheriff's mere presence during the incident, without more, fails to qualify either Defendant Randy Woods or Shelly Woods as a state actor. See Poe, 556 F.3d at 1123-24 (stating that "if a government agent is involved 'merely as a witness,' the requisite government action implicating Fourth Amendment concerns is absent" (quoting United States v. Smythe, 84 F.3d 1240, 1243 (10th Cir. 1996))).

### D. Filing fee obligation

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the full filing fee for this case. See 28 U.S.C. § 1915(b).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's amended complaint (Dkt. # 5) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

4. A separate judgment shall be entered in this matter.

**DATED** this 19th day of March, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE